## ERRORS IN TRIAL FOR PERSONAL INJURIES.

Circuit Court of Hamilton County.

THE CINCINNATI GAS & ELECTRIC CO. v. MARY COFFELDER.

Decided, July, 1908.

*Misconduct of Counsel—Ground for a New Trial, When—Charge of Court—Negligence—Preponderance of the Evidence—Reading Pleadings to Jury—Motion for New Trial After Term.*

1. It is not error for the trial judge to read the pleadings to the jury before explaining them, or to permit the jury to take the pleadings to the jury room.
2. It is error in the charge of the court to so define the weight of the evidence as to exclude documentary evidence, or to define the preponderance of the evidence as other than that evidence which determines the conclusions which must be reached.
3. A reviewing court will not undertake to proportion the blame for improper argument provoked by counsel for the other side, but where objection is made to such argument it is a duty which is not merely discretionary on the part of the trial court to interpose and admonish the offender and instruct the jury to disregard what has been said, and failure so to do is ground for a new trial.
4. It is not error to overrule a motion for a new trial filed after term, based on newly-discovered evidence which could not with reasonable diligence have been discovered before, where no witness is called to prove due diligence in ascertaining the facts.

*John W. Warrington* and *Murray Seasongood*, for plaintiff in error.

*A. W. Goldsmith* and *Charles M. Cist*, contra.

GIFFEN, J.; SWING, P. J., and SMITH, J. concur.

The petition filed by the plaintiff, Mary Coffelder, in the United States Court was substantially the same as the one upon which the case was tried in the common pleas court, and as it contained no admission not found in the latter, there was an error in excluding it as evidence.

The charge of the court that the defendant "did dig the trench and is responsible for whatever result naturally grew

out of that" is not equivalent to saying that the defendant is an insurer against accident. If the defendant took all necessary precautions to warn and protect the public, especially at night, and an accident nevertheless occurred through the negligence of the person injured, it was the natural result, not of digging the trench, but of such negligence as an abstract proposition of law, and without further explanation its tendency would be to mislead the jury; but in subsequent portions of the charge the court specified the particular results for which, under the pleadings, the defendant would be responsible, and it was not therefore prejudicial.

It was not error to read the pleadings before explaining them to the jury, and we are aware of no rule in this state preventing the jury from taking them to the jury room.

The court erred in charging the jury that "by preponderance of the evidence is meant  *  *  * the evidence that you believe and that influences your mind in arriving at the conclusion you made."

They may have been influenced by evidence that did not outweigh or overbalance the evidence that required a different conclusion. It is not a question of what may but what amount of evidence must influence their mind.

In the next paragraph of the charge "the weight of the evidence" is so defined as to exclude from consideration all the documentary evidence received, which was also error.

The first and third specifications of improper argument to the jury by counsel for plaintiff show that it was provoked by and made in answer to the argument of counsel for defendant, and the court will not undertake to apportion the blame in order to inflict a penalty upon the client. The second specification is as follows:

"Talking about railroads again, I have seen that demonstrated more than once, that one man wants to relieve himself of responsibility of want of discharge of duty. If there is a verdict in this case you will find Mr. Kenan wanting to know who is responsible for this dereliction of duty. He will send for Mr. Miller and Mr. Franklin and Mr. Kruse and Mr. Reising, and they will try to put the blame on this dead man.

"Mr. Seasongood: I want to object to this; just because Mr. Goldsmith's railroads do that is no reason why he should accuse us of it.

"Mr. Goldsmith: I object to that.

"Mr. Seasongood: Will Your Honor instruct the jury to disregard that?

"Mr. Goldsmith: Very good. It may go out.   *   *   *

"Mr. Goldsmith: I have a right to charge that is natural that these men who are in interest—

"Mr. Seasongood: That is entirely incompetent to argue that.

"Mr. Goldsmith: I say Mr. Franklin and Mr. Kruse and Mr. Reising are interested in this controversy as employes and subordinates in this gas company, just as much as this plaintiff and her sister and father."

There is no pretense that these remarks were supported by any evidence in the case, but were confessedly based upon the experience of counsel in like cases against railroad corporations. To thus assail the credibility and integrity of witnesses, whose only offense is their employment with a corporation, is not only highly reprehensible, but a gross abuse of the privilege of counsel, and if permitted to stand unrebuked will tend to inflame existing prejudice against corporations and their employes and to defeat the general administration of justice as well as work an injury to the defendant in this case.

If counsel had been content to rest when, upon objection by counsel for defendant, he said "It may go out," we might assume that the withdrawal was made in the proper spirit and that no prejudice resulted; but when he immediately added, "I have a right to charge that is natural that these men who are in interest," it was in effect not only a reiteration of his remarks, but an assertion of the right to make them and an aggravation of the offense. The objection of counsel for defendant and the failure of the court to rule on the same affirmatively appear in the record, thereby bringing the case within the rule stated in the case of *Hayes* v. *Smith,* 62 O. S., 161, and *State* v. *Young,* 77 O. S., 529. There was no prejudicial error in defining negligence or proximate cause, nor in charging the jury to

*fully* compensate plaintiff for injuries caused by negligence of defendant.

The petition for a new trial filed after term is based on newly-discovered evidence which the defendant could not with reasonable diligence have discovered before, misconduct and fraud of plaintiff, and false testimony. The misconduct and fraud consist in alleged false testimony of plaintiff, her family and physician, which is of no avail until the guilty party has been convicted. Section 5354, Revised Statutes, sub. 10.

It does not appear that the defendant could not with reasonable diligence have discovered the evidence bearing upon the question of plaintiff's earning capacity before and after the accident, and as to the cause of a permanent lowering of her shoulder; while it is true that no amount of diligence or foresight would suggest that a brother would voluntarily furnish a clue to facts tending to prove the falsity of his sister's testimony, yet there were many natural and easy sources of information leading up to proof of her earning capacity and the extent of her injury to which the defendant did not resort.

No employer, officer or attorney of the defendant was called as a witness to prove due diligence in ascertaining the facts. Hence there was no error in refusing a new trial upon petition filed after term; but the judgment will be reversed for error in the charge and failure of the court to rule upon objection to improper remarks of counsel to the jury, and the cause remanded for a new trial.